Barry J. Kell
KELL & ASSOCIATES, P.C.
813 West 3rd Avenue
Anchorage, Alaska 99501
Phone: (907) 279-3511
Fax: (907) 279-3514
Email: kell.barry.ak@gmail.com

Attorneys for Plaintiff
Geico Indemnity Company

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| GEICO INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UMIALIK INSURANCE COMPANY,<br><br>Defendant. | COPY<br>Original Received<br>FEB 24 2020<br>Clerk of the Trial Courts<br><br>Case No.: 3AN-20-05181 CI |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

COMES NOW plaintiff Geico Indemnity Company ("GEICO"), through counsel Kell & Associates, P.C., and for its complaint against defendant Umialik Insurance Company ("Umialik"), hereby states and alleges as follows:

1. GEICO is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in the State of Maryland.

2. GEICO is authorized to transact insurance business in the State of Alaska, has paid its corporation taxes last due, filed all required reports for the last reporting periods, and satisfied all conditions precedent to bringing and maintaining this action.

3. Umialik is a corporation organized and existing under the laws of the State of Alaska, with its principal place of business in Anchorage, Alaska, and is authorized to transact insurance business in the State of Alaska.

4. This court has jurisdiction over this dispute pursuant to AS 22.10.020(a) and (g).

5. Venue is proper.

## GENERAL ALLEGATIONS

6. GEICO issued an Alaska automobile liability insurance policy to Russell M. Sell ("Sell") and Rebecca A. Maier-Sell ("Maier-Sell") as named insureds, policy number 4089-72-03-22 (the "GEICO Policy"), that was in effect on December 18, 2017. A true and correct copy of the GEICO Policy is attached hereto as Exhibit 1.

7. Umialik issued an Alaska commercial automobile liability insurance policy to Fourteen Six, LLC d/b/a Skiak ("Fourteen Six") as the named insured, policy number CPP 1103157 03 (the "Umialik Policy"), that was in effect on December 18, 2017. A true and correct copy of the Umialik Policy is attached hereto as Exhibit 2.

8. Based on public records, Fourteen Six was organized as a domestic limited liability company pursuant to Alaska law in 2014, and has remained an Alaska limited

3/3/2020 8:11:27 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 2 of 19

liability company in good standing continuously since its organization. Throughout that time, Sell and Maier-Sell have been Fourteen Six's only members and managers.

9. On December 18, 2017, Maier-Sell was driving a 2016 G.M.C. Acadia when she was involved in a collision that resulted in bodily injuries to Brandi Ropati ("Ropati") and Duane Hunte ("Hunte") (the "Accident").

10. The 2016 G.M.C. Acadia Maier-Sell was driving at the time of the Accident was leased by Skiak, the business name of Fourteen Six, as lessee, and was listed as an insured vehicle under the GEICO Policy.

11. Ropati and Hunte filed suit against Maier-Sell and Fourteen Six in the Superior Court at Anchorage, Case No. 3AN-19-04362CI, seeking damages arising from the Accident (the "Injury Lawsuit"). GEICO retained legal counsel to defend Maier-Sell in the Lawsuit, and Umialik retained counsel to defend Fourteen Six.

12. As the Injury Lawsuit progressed, GEICO's retained defense counsel for Maier-Sell contacted Umialik, through its retained defense counsel for Fourteen Six, requesting that Umialik agree and affirm Maier-Sell, individually, was covered under the liability coverage available under the Umialik Policy with respect to claims asserted against her in the Injury Lawsuit.

13. On July 15, 2019, Umialik, through its adjuster Deborah Towns ("Towns") and defense counsel for Fourteen Six, sent an email to counsel for Maier-Sell, stating as "Umialik's response: We agree Ms. Sell qualifies as an insured and we previously determined the vehicle at issue triggers our liability policy."

3/3/2020 8:11:28 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 3 of 19

14. Based on that response, GEICO understood Umialik did not contest that Maier-Sell was covered under the Umialik Policy as to the claims in the Injury Lawsuit, and proceeded with its defense of Maier-Sell with the understanding that both the GEICO Policy and the Umialik Policy provided coverage for the claims asserted against her.

15. Towns verbally confirmed with and represented to GEICO's adjuster, Christa Davis ("Davis"), on several occasions after July 15, 2019, that Umialik acknowledged Maier-Sell was covered under the Umialik Policy with respect to the claims brought in the Injury Lawsuit.

16. On September 5, 2019, Davis and Towns spoke by telephone. Davis advised Towns it was GEICO's position that because the "Other Insurance" clauses in the GEICO Policy and the Umialik Policy conflicted with one another, the policies would apply pro rata to the claims asserted against Maier-Sell in the Injury Lawsuit. Davis also advised Towns that based on the available coverage limits of liability under the two policies, the Umialik Policy provided five-sixths (5/6) and the GEICO Policy provided one-sixth (1/6) of the total available coverage. Towns advised Davis that she agreed the policies conflicted and should apply pro rata to the claims against Maier-Sell, but would have to confirm with Umialik the 5/6 – 1/6 pro rata apportionment.

17. Towns verbally confirmed with and represented to Davis on several occasions after September 5, 2019, that Umialik agreed the GEICO Policy and the Umialik Policy would apply pro rata to the claims asserted against Maier-Sell, but that

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES
*GEICO v. Umialik*, 3AN-20-_____ CI
Page 4 of 18

3/3/2020 8:11:29 AM Batch: 102186920
Case 3:20-cv-00073-TMB    Document 1-1    Filed 03/25/20    Page 4 of 19

she still was waiting for confirmation from Umialik whether it agreed with the 5/6 – 1/6 apportionment.

18. In September 2019, the parties to the Injury Lawsuit, along with GEICO and Umialik, agreed to participate in a mediation of Ropati's and Hunte's claims, and scheduled it for October 9, 2019. At the time GEICO and Umialik agreed to the mediation, Umialik had not communicated to GEICO in any manner or form that it did not consider Maier-Sell to be an insured person under its policy with respect to Ropati's and Hunte's claims, or that it did not agree the two policies applied pro rata to the claims against Maier-Sell.

19. On October 7, 2019, two days before the mediation to which it had agreed, Umialik sent a letter to GEICO's attorney, advising it was changing its position as to both coverage for Maier-Sell under the Umialik Policy and its previous acknowledgement that its policy and the GEICO policy applied pro rata to the claims against Maier-Sell.

20. Rather than canceling the scheduled mediation in order to resolve disputes over coverage for Maier-Sell, GEICO and Umialik agreed to proceed with the mediation while reserving between themselves the right to contest whether Maier-Sell was covered under the Umialik Policy, and if so, the construction and application of the "Other Insurance" clauses under the two policies.

21. The October 9, 2019 mediation resulted in settlements of all claims against Maier-Sell and Fourteen Six arising from the Accident and the Injury Lawsuit. Hunte's claim settled for $207,500.00. Ropati's claim settled for $100,500.00.

3/3/2020 8:11:30 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 5 of 19

22. GEICO and Umialik agreed that for purposes of paying the agreed settlement amounts only, the GEICO Policy would be considered primary coverage and the Umialik Policy would be considered excess coverage. GEICO issued payment of $112,500.00, its per-person liability limits, to Hunte, and Umialik issued payment of the remaining $95,000.00 of Hunte's settlement amount. Because Ropati's entire $100,500.00 settlement amount was within GEICO's per-person liability limits, GEICO issued payment of the full amount of that settlement.

23. In the course of the mediation and prior to agreeing to the settlements, GEICO and Umialik reiterated that they were reserving their rights to contest coverage and "Other Insurance" issues under their respective policies. While it reserved the right to contest whether Maier-Sell was covered under its policy, Umialik agreed it would not seek repayment from GEICO of the $95,000.00 it paid toward settlement of Hunte's claims.

24. GEICO is entitled to recover from Umialik amounts it has paid in settlement of Ropati's and Hunte's claims against Maier-Sell that exceed its pro rata share of the total coverage available under the GEICO Policy and the Umialik Policy.

### THE GEICO POLICY

25. The GEICO Policy provides liability coverage for insured persons, subject to the terms and conditions stated in the policy and to applicable law. The liability coverage provisions are set forth in Section I of the GEICO Policy.

26. The general insuring agreement under Section I provides as follows:

3/3/2020 8:11:31 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 6 of 19

## LOSSES WE WILL PAY FOR YOU UNDER SECTION I

Under Section I, subject to the EXCLUSIONS, we will pay damages up to the applicable policy limits stated on the declarations pages, other than punitive and exemplary damages, which an *insured* becomes legally obligated to pay because of:

1. *bodily injury*, sustained by a person, including all injuries and damages to others sustained in the same accident, and,

2. damage to or destruction of property,

arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

Exhibit 1, p. ___ (GEICO Policy p. 4).

27. For purposes of the liability coverage, an "owned auto" includes "a vehicle described in this policy for which a premium charge is shown for these coverages." Exhibit 1, p. ___ (GEICO Policy p. 3, Definitions, Paragraph 8.(a)).

28. The GEICO Policy declarations page lists the 2016 G.M.C. Acadia Maier-Sell was driving at the time of the Accident as an insured vehicle, and shows a premium charge for the liability bodily injury and property damage coverages. Exhibit 1, p. ___ (GEICO Policy, Declarations Page, p. 1).

29. For purposes of the liability coverage, a person insured while operating an "owned auto" includes "you." Exhibit 1, p. ___ (GEICO Policy p. 5, Persons Insured, Paragraph 1). The liability coverage definition of "you" includes "the named insured shown in the declarations." Exhibit 1, p. ___ (GEICO Policy p. 4, Definitions, Paragraph 18).

3/3/2020 8:11:32 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 7 of 19

30. Maier-Sell is designated as a "Named Insured" in the GEICO Policy declarations. Exhibit 1, p. ___ (GEICO Policy, Declarations Page, p. 1).

31. The liability coverage under the GEICO Policy contains an "Other Insurance" section, which provides in relevant part: "If the *insured* has other insurance against a *loss* covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available." Exhibit 1, p. ___ (GEICO Policy p. 6).

32. The face limits of liability applicable to the liability coverage of the GEICO Policy are $100,000 per person and $300,000 per occurrence. Exhibit 1, p. ___ (GEICO Policy, Declarations Page, p. 1).

## THE UMIALIK POLICY

33. The Umialik Policy provides liability coverage for insured persons, subject to the terms and conditions stated in the policy and to applicable law. The liability coverage provisions are set forth in Section II of the Business Auto Coverage Form (form CA 00 01 10 13) that is part of the Umialik Policy.

34. The general insuring agreement under Section II provides as follows:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

Exhibit 2, p. ___ (Form CA 00 01 10 13 p. 2).



30. Maier-Sell is designated as a "Named Insured" in the GEICO Policy declarations. Exhibit 1, p. ___ (GEICO Policy, Declarations Page, p. 1).

31. The liability coverage under the GEICO Policy contains an "Other Insurance" section, which provides in relevant part: "If the *insured* has other insurance against a *loss* covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available." Exhibit 1, p. ___ (GEICO Policy p. 6).

32. The face limits of liability applicable to the liability coverage of the GEICO Policy are $100,000 per person and $300,000 per occurrence. Exhibit 1, p. ___ (GEICO Policy, Declarations Page, p. 1).

## THE UMIALIK POLICY

33. The Umialik Policy provides liability coverage for insured persons, subject to the terms and conditions stated in the policy and to applicable law. The liability coverage provisions are set forth in Section II of the Business Auto Coverage Form (form CA 00 01 10 13) that is part of the Umialik Policy.

34. The general insuring agreement under Section II provides as follows:

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

Exhibit 2, p. ___ (Form CA 00 01 10 13 p. 2).

35. Section II of the Business Auto Coverage Form defines "insureds" as follows:

3/3/2020 8:11:33 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 9 of 19

A.  Coverage

* * * * *

1.  Who Is An Insured

The following are "insureds":

a.  You for any covered "auto".

b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    (1)  The owner or anyone else from whom you hire or borrow a covered "auto".
    This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

    (2)  Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    (3)  Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

    (4)  Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

    (5)  A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c.  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

Exhibit 2, p. ___ (Form CA 00 01 10 13 pp. 2-3).

36.  The Business Auto Coverage Form defines "you" as "the Named Insured shown in the Declarations. Exhibit 2, p. ___ (Form CA 00 01 10 13 pp. 2-3). The Business

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES
*GEICO v. Umialik*, 3AN-20-_____ CI
Page 9 of 18

3/3/2020 8:11:34 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 10 of 19

Auto Declaration identifies the Named Insured as "FOURTEEN SIX LLC DBA SKIAK."

Exhibit 2, p. ___ (Form WN CA 01 06 16 p. 1).

37. Section I of the Business Auto Coverage Form describes the "Covered Autos" for purposes of the various coverages available under that form:

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

Exhibit 2, p. ___ (Form CA 00 01 10 13 p. 1).

38. Item Two of the Business Auto Declaration for the Umialik Policy provides in part:

### ITEM TWO: SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

Exhibit 2, p. ___ (Form WN CA 01 06 16 p. 1).

39. The Schedule of Coverages and Covered Autos set forth in Item Two of the Business Auto Declaration lists the coverage entitled "COVERED AUTOS LIABILITY" with the corresponding "Covered Auto Symbols" entries 7, 8, and 9. Exhibit 2, p. ___ (Form WN CA 01 06 16 p. 1).

3/3/2020 8:11:35 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 11 of 19

40. The "Description of Covered Auto Designations Symbols" table set forth in Section I of the Business Auto Coverage Form contains the following definitions corresponding to covered auto symbols 7, 8, and 9:

> 7  Specifically Described "Autos" – Only those "autos" described in Item Three of the Declarations for which a premium charge is shown ....
>
> 8  Hired "Autos" Only – Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their household.
>
> 9  Non-owned "Autos" Only – Only those "autos" you do not own, lease, hire or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their household but only while used in your business or your personal affairs.

Exhibit 2, p. ___ (Form CA 00 01 10 13 p. 1).

41. Section IV.B. of the Business Auto Coverage Form contains as subsection 5 provisions regarding "Other Insurance." Exhibit 2, p. ___ (Form CA 00 01 10 13 p. 9). However, subsection 5.a. of the "Other Insurance" provisions is replaced under section C.5. of the "Alaska Changes" endorsement, which provides in relevant part:

> 5.  Paragraph 5.a. of the **Other Insurance** Condition in the Business Auto Coverage Form is replaced by the following:
>
>    a.  For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you do not own, the insurance provided by this Coverage Form is excess.

Exhibit 2, p. ___ (Form CA 01 79 09 14 p. 2).

3/3/2020 8:11:37 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 12 of 19

42. The face limits of liability applicable to the liability coverage of the Umialik Policy are $1,000,000 per accident. Exhibit 2, p. ___ (Form WN CA 01 06 16 p. 1).

### FIRST CLAIM FOR RELIEF:
### DECLARATORY JUDGMENT THAT MAIER-SELL
### WAS AN INSURED UNDER THE UMIALIK POLICY

43. GEICO realleges and incorporates by reference the allegations contained in paragraphs 1 through 42 set forth above.

44. The vehicle Maier-Sell was driving at the time of the Accident was a covered auto for purposes of the liability coverage under the Umialik Policy, as defined under covered auto symbol 8 of the "Description of Covered Auto Designations Symbols" table set forth in Section I of the Business Auto Coverage Form. Exhibit 2, p. ___ (Form CA 00 01 10 13 p. 1).

45. At the time of the Accident, Maier-Sell was an "insured" for purposes of the liability coverage under the Umialik Policy because she was using with Fourteen Six's permission a covered auto hired by Fourteen Six.

46. GEICO is entitled to a declaration that Maier-Sell was covered under the liability coverage of the Umialik Policy at the time of the Accident, and was entitled to defense and indemnity under the Umialik Policy with respect to all claims asserted against her in the Injury Lawsuit.

### SECOND CLAIM FOR RELIEF:
### DECLARATORY JUDGMENT THAT THE GEICO POLICY
### AND THE UMIALIK POLICY APPLY TO THE CLAIMS
### AGAINST MAIER-SELL ON A PRO RATA BASIS

3/3/2020 8:11:38 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 13 of 19

47. GEICO realleges and incorporates by reference the allegations contained in paragraphs 1 through 46 set forth above.

48. The applicable "Other Insurance" clause under the GEICO Policy provides that if a person insured under the policy has other insurance with respect to a loss, the GEICO Policy will apply on a pro rata basis. Exhibit 1, p. ___ (GEICO Policy p. 6).

49. The applicable "Other Insurance" clause under the Umialik Policy provides that if a person insured under the policy has other insurance with respect to a loss, the Umialik Policy will apply on an excess basis. Exhibit 2, p. ___ (Form CA 01 79 09 14 p. 2).

50. The respective "Other Insurance" clauses under the GEICO Policy and the Umialik Policy are in conflict.

51. GEICO is entitled to a declaration that the damages for which Maier-Sell was liable as a result of the Accident, including the amounts paid in settlement of the claims of Ropati and Hunte, must be prorated between the GEICO Policy and the Umialik Policy.

### THIRD CLAIM FOR RELIEF: DECLARATORY JUDGMENT THAT UMIALIK'S PRO RATA SHARE OF THE SETTLEMENTS OF THE CLAIMS AGAINST MAIER-SELL IS FIVE-SIXTHS

52. GEICO realleges and incorporates by reference the allegations contained in paragraphs 1 through 51 set forth above.

53. The face limits of liability applicable to the liability coverage of the GEICO Policy are $100,000 per person and $300,000 per occurrence. Exhibit 1, p. ___ (GEICO Policy, Declarations Page, p. 1). Because two persons asserted claims against Maier-Sell

3/3/2020 8:11:39 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 14 of 19

arising from the Accident, there was a total face amount of $200,000 of coverage available to Maier-Sell under the GEICO Policy.

54. The face limits of liability applicable to the liability coverage of the Umialik Policy are $1,000,000 per accident. Exhibit 2, p. ___ (Form WN CA 01 06 16 p. 1). There was a total face amount of $1,000,000 of coverage available to Maier-Sell under the Umialik Policy.

55. The combined total face amount of coverage under the GEICO Policy and the Umialik Policy available to Maier-Sell with respect to claims arising from the Accident was $1,200,000.

56. GEICO's pro rata allocation of the coverage available with respect to the Accident was one-sixth (1/6) ($200,000 / $1,200,000).

57. Umialik's pro rata allocation of the coverage available with respect to the Accident was five-sixths (5/6) ($1,000,000 / $1,200,000).

58. GEICO is entitled to a declaration that Umialik's pro rata share of the settlements paid to Ropati and Hunte is five-sixths (5/6).

## FOURTH CLAIM FOR RELIEF: PROMISSORY ESTOPPEL

59. GEICO realleges and incorporates by reference the allegations contained in paragraphs 1 through 58 set forth above.

60. Umialik and Towns affirmatively represented to GEICO, through the defense counsel it retained to represent Maier-Sell, that Maier-Sell "qualifies as an

3/3/2020 8:11:40 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 15 of 19

insured" under the Umialik Policy with respect to claims asserted against her in the Injury Lawsuit, and that "the vehicle at issue triggers [Umialik's] liability policy."

61. Umialik and Towns affirmatively represented to GEICO, through conversations between Towns and Davis, that Maier-Sell was covered under the Umialik Policy with respect to the claims asserted against her in the Injury Lawsuit, and that Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell.

62. Based on Umialik's and Towns' statements that Maier-Sell was covered under the Umialik Policy with respect to the claims asserted against her in the Injury Lawsuit and that Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell, GEICO proceeded with its defense of Maier-Sell, agreed to mediation without pursuing additional steps, including legal action, to establish Umialik's duty to defend and indemnify Maier-Sell as to Ropati's and Hunte's claims, and paid amounts in excess of $100,000 in settlement of those claims that Umialik was obligated to pay under the Umialik Policy.

63. Umialik and Towns knew or reasonably should have known that GEICO would rely on their affirmative representations that Maier-Sell was covered under the Umialik Policy with respect to the claims asserted against her in the Injury Lawsuit and that Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell.

3/3/2020 8:11:41 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 16 of 19

64. GEICO has incurred damages in excess of $100,000 because of its reliance on Umialik's and Towns' affirmative representations.

65. The interest of justice requires enforcement of Umialik's and Towns' affirmative representations that Umialik would provide coverage for Maier-Sell under the Umialik Policy with respect to the claims asserted against her in the Injury Lawsuit and that Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell.

## FIFTH CLAIM FOR RELIEF: NEGLIGENT MISREPRESENTATION

66. GEICO realleges and incorporates by reference the allegations contained in paragraphs 1 through 65 set forth above.

67. To the extent Umialik now seeks to deny that Maier-Sell is entitled to coverage under the Umialik Policy with respect to the claims asserted against her in the Injury Lawsuit, and/or that Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell, Umialik's and Towns' affirmative representations that Maier-Sell was covered under the Umialik Policy and/or that Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell, were false.

68. Umialik and Towns failed to exercise reasonable care when they affirmatively represented to GEICO that Maier-Sell was covered under the Umialik Policy with respect to the claims asserted against her in the Injury Lawsuit and that

3/3/2020 8:11:43 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 17 of 19

Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell.

69. GEICO justifiably relied on Umialik's and Towns' representations that Maier-Sell was covered under the Umialik Policy with respect to the claims asserted against her in the Injury Lawsuit and that Umialik would pay its pro rata share of the damages recovered by Hunte and Ropati against Maier-Sell.

70. GEICO has incurred damages in excess of $100,000 as a result of Umialik's and Towns' negligent misrepresentations.

WHEREFORE, GEICO prays for the following relief:

A. For a declaratory judgment in its favor that Maier-Sell was covered under the liability coverage of the Umialik Policy at the time of the Accident, and was entitled to defense and indemnity under the Umialik Policy with respect to all claims asserted against her in the Injury Lawsuit;

B. For a declaratory judgment in its favor that the damages for which Maier-Sell was liable as a result of the Accident, including the amounts paid in settlement of the claims of Ropati and Hunte, must be prorated between the GEICO Policy and the Umialik Policy;

C. For a declaratory judgment that Umialik's pro rata share of the settlements paid to Ropati and Hunte is five-sixths (5/6);

D. For judgment in its favor and against Umialik for an amount in excess of $100,000;

3/3/2020 8:11:44 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 18 of 19

E. For an award of its reasonable attorney's fees and costs incurred in bringing this action;

F. For such other and further relief as this Court deems just and equitable under the circumstances.

DATED at Anchorage, Alaska this 24th day of February, 2020.

KELL & ASSOCIATES, P.C.
Attorneys for Plaintiff
Geico Indemnity Company

By: _____
Barry J. Kell
ABA No.: 8611120

3/3/2020 8:11:45 AM Batch: 102186920
Case 3:20-cv-00073-TMB   Document 1-1   Filed 03/25/20   Page 19 of 19