IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*Geico Indemnity Company v. Umialik Insurance Company*
Case No. 3:20-cv-00073-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

After the deadline to file dispositive motions passed in early April without filings from either party,[1] the Court on May 10, 2022, ordered counsel for Plaintiff Geico Indemnity Company ("Geico") to "consult with other counsel and jointly certify" that this case is ready for trial and to suggest alternate trial dates.[2] If the parties were "not able to so certify," the Court alternatively ordered Geico's counsel to either report to the Court within 14 days "what remains to be accomplished and when outstanding matters will be attended to" or "request a status conference."[3]

On May 23, 2022, Geico moved for summary judgment.[4] The following day, Geico filed a joint status report stating in part, "Both parties believe this case should be fully resolved through summary judgment, as the central issues are matters of law involving insurance policy interpretation."[5]

Federal Rule of Civil Procedure 6(b) provides that, as here, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[6] Geico has neither moved for leave to file an untimely motion for summary judgment nor established that it "failed to act" within the dispositive motions deadline "because of excusable neglect."[7] Accordingly, the Motion for Summary Judgment at Docket 27 is **DENIED** without prejudice.

---

[1] Dkt. 25 at 3–5 (Amended Scheduling and Planning Order) (providing that fact and expert witness "discovery shall be completed **on or before March 4, 2022**," and that "dispositive motions will be served and filed within the time specified in the applicable rules"); D. Alaska L. Civ. R. 16.1(c)(9) ("Dispositive motions must be filed not later than 30 days after the close of discovery.").
[2] Dkt. 26 at 1 (Order re Certification of Readiness for Trial).
[3] Dkt. 26 at 1–2.
[4] Dkt. 27 (Motion for Summary Judgment).
[5] Dkt. 28 (Joint Status Report).
[6] Fed. R. Civ. P. 6(b).
[7] *See id.*; *see generally* Dkt. 27.

1

In addition, the Court reminds the parties that they may consent to proceed before a Magistrate Judge.[8] If the parties so consent, they shall file a joint statement consenting to the referral.[9] The parties are free to withhold consent without adverse substantive consequences.[10]

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 25, 2022

---

[8] *See* 28 U.S.C. §636(c); Fed. R. Civ. P. 73.
[9] Fed. R. Civ. P. 73(b).
[10] *Id.*